IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO REYES CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR VILLARNEAL, et al.,<br><br>    Defendants. | Case No. 23-cv-00962-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

In March, pro se plaintiff Alejandro Reyes Cruz ("Cruz") filed suit claiming that unnamed Alameda County Sheriff's deputies fabricated arrest records, "used restraining orders which were filed under coercion," and verbally abused Cruz in front of other deputies during an arrest. See Compl. (dkt. 1). Cruz filed suit against Victor Villarneal, the federal government, USCIS and ICE, the Oakland Police Department, and the Alameda County Sheriff's Department. Id. In April, the Oakland Police Department ("OPD") moved to dismiss. See Mot. (dkt. 21). While Cruz failed to oppose the motion by the response deadline, he filed other motions indicating that he opposes dismissal.[1] Therefore, the Court addresses OPD's motion on the merits, rather than dismissing Cruz's claims for failure to prosecute. See, e.g., Order of Dismissal, McCray v. Begor, 22-cv-6322-CRB,

---

[1] Cruz filed a "First Ex Parte Application" consisting of incident reports from the Oakland Police Department. See dkt. 22. The Court assumes that these filings were intended to represent a renewal of Cruz's multiple prior motions for a protective order in this case. Cruz also filed a "motion for settlement" indicating that he would accept a position as a docket clerk with this Court in exchange for releasing his claims against the defendants. See dkt. 24.
    As to the renewed motion for a protective order, it is DENIED as moot. As to the motion for settlement, it is DENIED on the merits with prejudice, because the Court lacks the power—not to mention the inclination—to orchestrate a settlement of Cruz's claims, especially given that, as discussed below, Cruz has failed to plausibly plead his claims.

1 dkt. 17 (N.D. Cal. Nov. 29, 2022) (dismissing an action for failure to prosecute where the
2 plaintiff failed to oppose a motion to dismiss).

3       Finding this matter suitable for resolution without oral argument pursuant to Civil
4 Local Rule 7-1(b), the Court GRANTS OPD's motion to dismiss with leave to amend.

5       First, OPD is correct that, assuming Cruz attempts to plead Fourth Amendment
6 violations perpetrated by Alameda County Sheriff's deputies, he has failed to sue the
7 proper defendant. Municipal departments, like police departments, are not "persons"
8 subject to suit under 42 U.S.C. § 1983. See, e.g., Rodriguez v. Cnty. of Contra Costa, No.
9 C 13-02516 SBA, 2013 WL 5946112, at *3 (N.D. Cal. Nov. 5, 2013) (citing Hervey v.
10 Estes, 65 F.3d 784, 791 (9th Cir. 1995)). Further, even if Cruz had sued the City of
11 Oakland or Alameda County—where the Court assumes the events described in the
12 complaint took place—he must "identify a municipal 'policy' or 'custom' that caused [his]
13 injury." Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Even if the Court
14 assumed that Cruz has identified violations of his Fourth Amendment rights perpetrated by
15 law enforcement, he has not pleaded any facts that would impute any liability to a
16 municipal defendant under Monell. That said, the Court is unconvinced that Cruz has
17 pleaded any "factual content" that would "'nudg[e]' his claim of purposeful discrimination
18 'across the line from conceivable to plausible.'" Ashcroft v. Iqbal, 556 U.S. 662, 683
19 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

20       For the foregoing reasons, the Court GRANTS OPD's motion to dismiss with leave
21 to amend. Cruz may file an amended complaint, within 14 days of this order, that pleads
22 sufficient facts and targets appropriate defendants. Should Cruz fail to amend, or fail to
23 cure the deficiencies outlined in this order, this action will be dismissed with prejudice.

24 **IT IS SO ORDERED.**

25 Dated: May 12, 2023

                                                              CHARLES R. BREYER
26                                                   United States District Judge